FILED
CLERK
6/8/2017 4:06 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
SEAN E. TUTT,

Plaintiff,

-against-

CARNELL FOSKEY, *Office of the County Attorney*, JUDGE DAVID P. SULLIVAN, JUDGE ANGELO A. DELLIGATTI, JUDGE CHRISTOPHER G. QUINN, TARA MADDEN *Legal Aide*, MICHAEL BERGER *Legal Aide*, JEFFREY GRODER, *18-B*, MADELINE SINGAS, *District Attorney*, *Nassau County*, VICTORIA C. MAURI, *Assistant District Attorney*,

Defendants.
---------------------------------------------------------------------X

**ORDER**
17-CV-2125(JMA)(ARL)

**AZRACK, United States District Judge:**

On March 27, 2017, incarcerated pro se plaintiff Sean E. Tutt filed a complaint against County Attorney Carnell Foskey, Judge David P. Sullivan, Judge Angelo A. Delligatti, Judge Christopher Quinn, Tara Madden, Michael F. Berger, Jeffrey Groder, District Attorney Madeline Singas, and Assistant District Attorney Victoria C. Mauri pursuant to 42 U.S.C. § 1983, alleging a deprivation of his constitutional rights. Plaintiff also filed an application to proceed in forma pauperis. The Court grants plaintiff's request to proceed in forma pauperis and sua sponte dismisses the complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) (ii)–(iii), 1915A(b) for the reasons that follow.

## I. BACKGROUND

Plaintiff's handwritten complaint is submitted on the Court's Section 1983 complaint form

and seeks to challenge an on-going state court criminal prosecution in Nassau County.[1] Plaintiff's claims are difficult to comprehend. As the Court can best discern, during plaintiff's February 29, 2016 arraignment before Judge Quinn, plaintiff asserted that the court lacked jurisdiction to prosecute him because he is a "Sovereign" citizen. According to the complaint, "Judge [Quinn] became irate, never stating jurisdiction, thus threatening defendant, telling defendant he'd just sentenced a Sovereign to 20 years, if defendant wanted to claim sovereignty he'd be next." (Compl. ¶ IV.) Plaintiff alleges that the transcript does not include this exchange. (Id.) Plaintiff also alleges that although he moved for the removal of both of his court-appointed attorneys, Berger and Madden, Judge Quinn only addressed the motion insofar as he removed Berger, and not Madden. (Compl. at 5.) Plaintiff further claims that Madden had plaintiff sign a waiver of rights and, notwithstanding the fact that plaintiff "signed the form with UCC's reservation of rights," Judge Delligatti ignored the reservation and said the UCC reservation was "not applicable." (Id. at 1–5.) Plaintiff also complains that Groder "was appointed by the court to be counsel against defendant's wishes." (Id. at 2.)

Additionally, plaintiff claims that an accurate transcript was not made during another court appearance because although the court reporter stated that she could not hear plaintiff, the judge allowed the proceeding to continue and told the reporter "not to worry about what [plaintiff] was saying but just make sure she would get what [the judge] was saying on the record." (Id. at 3.) Plaintiff alleges that County Attorney Foskey has not yet responded to his February 18, 2017 request for "information as regards the Federal tax forms 1096 and 1099 OID." (Id. ¶ IV.) Plaintiff requests that "[Foskey's] accountant prepare and file said tax information and send me

[1] According to the records maintained by the New York State Office of Court Administration, plaintiff was arraigned on a felony burglary charge, N.Y. Penal Law § 140.25(2), on February 29, 2016. Plaintiff entered a plea of not guilty and was remanded. Plaintiff has not posted bail or bond.

any and all pertinent documents and proof that request was completed." (Id.)

Among other things, plaintiff claims that he is being falsely imprisoned and that his due process rights have been violated. Plaintiff seeks "a dismissal of the claim/case in its entirety, compensation, monetarily in the amount of $250,000 dollars and consideration for employment, where he can help." (Id. ¶¶ IV.A, V.)

## II. DISCUSSION

### A. In Forma Pauperis Application

Upon review of plaintiff's declaration in support of the application to proceed in forma pauperis, the Court finds that plaintiff is qualified to commence this action without prepayment of the filing fee. 28 U.S.C. § 1915(a)(1). Therefore, plaintiff's application to proceed in forma pauperis is granted.

### B. Standard of Review

The Prison Litigation Reform Act requires a district court to screen a civil complaint brought by a prisoner against a governmental entity or its agents and dismiss the complaint, or any portion of the complaint, if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). Similarly, pursuant to the in forma pauperis statute, a court must dismiss an action if it determines that it "(i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The Court must dismiss the action as soon as it makes such a determination. 28 U.S.C. § 1915A(b).

Pro se submissions are afforded wide interpretational latitude and should be held "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam); see also Boddie v. Schnieder, 105 F.3d 857, 860 (2d Cir. 1997). In

addition, the court is required to read the plaintiff's pro se complaint liberally and interpret it as raising the strongest arguments it suggests. United States v. Akinrosotu, 637 F.3d 165, 167 (2d Cir. 2011) (per curiam) (citation omitted); Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009) (citations omitted).

The Supreme Court has held that pro se complaints need not even plead specific facts; rather the complainant "need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (internal quotation marks and citations omitted); cf. Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice."). However, a pro se plaintiff must still plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Id. While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. (quoting Twombly, 550 U.S. at 555). In reviewing a pro se complaint for sua sponte dismissal, a court is required to accept the material allegations in the complaint as true. Rogers v. City of Troy, New York, 148 F.3d 52, 58 (2d Cir. 1998).

First, the Court explains why it abstains from reviewing plaintiff's claims for injunctive relief. Then the Court dismisses the claims for monetary relief against the defendants. The Court next declines to exercise supplemental jurisdiction over any remaining state law claims. Finally, the Court denies plaintiff leave to amend the complaint.

**C. Section 1983**

Section 1983 provides that,

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

42 U.S.C. § 1983. Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979); Thomas v. Roach, 165 F.3d 137, 142 (2d Cir. 1999). In order to state a Section 1983 claim, a plaintiff must allege two essential elements. First, the conduct challenged must have been "committed by a person acting under color of state law." Cornejo v. Bell, 592 F.3d 121, 127 (2d Cir. 2010) (quoting Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994)). Second, "the conduct complained of must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." Id.; see also Snider v. Dylag, 188 F.3d 51, 53 (2d Cir. 1999).

**1. Abstention**

Federal courts ordinarily must abstain from exercising jurisdiction over constitutional claims seeking declaratory or injunctive relief when: "1) there is an ongoing state proceeding; 2) an important state interest is implicated in that proceeding; and 3) the state proceeding affords the federal plaintiff an adequate opportunity for judicial review of the federal constitutional claims." Diamond "D" Constr. Corp. v. McGowan, 282 F.3d 191, 198 (2d Cir. 2002); see also Younger v. Harris, 401 U.S. 37 (1971); Hansel v. Town Ct. for the Town of Springfield, N.Y., 56 F.3d 391, 393 (2d Cir. 1995).

In Sprint Commc'ns, Inc. v. Jacobs, the Supreme Court held that the Younger abstention

doctrine applies only to three classes of state court proceedings: 1) "state criminal prosecutions"; (2) "civil enforcement proceedings"; and (3) civil proceedings that "implicate a State's interest in enforcing the orders and judgments of its courts." 134 S. Ct. 584, 588 (2013) (internal quotation marks and citations omitted); see id. at 591 ("We have not applied Younger outside these three 'exceptional' categories, and today hold . . . that they define Younger's scope.").

Here, plaintiff seeks injunctive relief relating to his on-going state court criminal prosecution. In particular, he seeks dismissal of the criminal charges against him. (Compl. ¶ V.) Under Sprint Commc'ns, Inc., this Court abstains from reviewing these claims. Accordingly, plaintiff's claims for injunctive relief are dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

**2. Claims Against DA Singas, ADA Mauri, and Judges Sullivan, Quinn, and Delligatti Seeking Monetary Damages**

Sovereign, prosecutorial, and judicial immunity bar the claims for money damages against DA Singas, ADA Mauri, and Judges Quinn, Sullivan, and Delligatti. See Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984).

The Eleventh Amendment bars suits for damages against states and state officials acting in their official capacity, absent the state's consent to suit or an express or statutory waiver of immunity. Bd. of Trustees of Univ. of Alabama v. Garrett, 531 U.S. 356, 363 (2001); Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989) ("[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself.") (citations omitted).

The Eleventh Amendment divests this Court of subject matter jurisdiction over any claim for monetary damages against a state actor acting in his official capacity. See Kentucky v. Graham, 473 U.S. 159, 169 (1985) ("The Court has held that, absent a waiver by the State or valid congressional override, the Eleventh Amendment bars a damages action against a State in federal

court."). "It is well-established that New York State has not consented to § 1983 suits in federal court and that § 1983 was not intended to override a state's sovereign immunity." Mamot v. Bd. of Regents, 367 F. App'x 191, 192 (2d Cir. 2010).

Where a state prosecutor is sued for damages in his or her official capacity, immunity under the Eleventh Amendment may attach to bar the suit, as the suit is construed as being against the State of New York. See Amaker v. N.Y. State Dep't. of Corr. Servs., 435 F. App'x 52, 54 (2d Cir. 2011) (holding that a district attorney and an assistant district attorney "benefited from New York's Eleventh Amendment immunity against suit" because they were sued in their official capacities); Ying Jing Gan v. City of New York, 996 F.2d 522, 529 (2d Cir. 1993) (holding that a district attorney represents the state, not the county and so, is entitled to Eleventh Amendment immunity). A suit seeking money damages against a state court judge in his or her official capacity is likewise barred by the Eleventh Amendment. See McKnight v. Middleton, 699 F. Supp. 2d 507, 521-23 (E.D.N.Y. 2010) (dismissing claims asserted against state court judge in her official capacity on sovereign immunity grounds); Sassower v. Mangano, 927 F. Supp. 113, 120 (S.D.N.Y. 1996) (finding that Eleventh Amendment bars suit against presiding and associate Justices of the Supreme Court of New York, Second Department), aff'd, 122 F.3d 1057 (2d Cir. 1997). Thus, the Eleventh Amendment precludes any claim for monetary damages against DA Singas, ADA Mauri, and Judges Quinn, Sullivan, and Delligatti in their official capacities. See, e.g., Caldwell v. Pesce, 83 F. Supp. 3d 472, 482 (E.D.N.Y. 2015).

To the extent plaintiff seeks to sue these defendants in their individual capacities, such claims are barred by absolute prosecutorial immunity and judicial immunity, respectively. Rodriguez v. Weprin, 116 F.3d 62, 66 (2d Cir. 1997).

Accordingly, plaintiff's claims for money damages against DA Singas, ADA Mauri, Judge Quinn, Judge Sullivan, and Judge Delligatti are dismissed pursuant to 28 U.S.C. §§

1915(e)(2)(B)(ii)–(iii), 1915A(b)(1)–(2).

**3. Claims Against Groder, Madden, and Berger**

The claims against Groder, Madden, and Berger are dismissed because plaintiff has not alleged that these defendants were acting under color of state law.

In order to state a Section 1983 claim, a plaintiff must allege, among other things, that the conduct challenged was "committed by a person acting under color of state law." Cornejo, 592 F.3d at 127 (citation omitted). It is well established that a "public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." Polk Cty. v. Dodson, 454 U.S. 312, 325 (1981); Rodriguez, 116 F.3d at 66.

Even a private actor may be considered to be acting under color of state law for purposes of Section 1983 if he or she was a "willful participant in joint activity with the State or its agents." Ciambriello v. Cty. of Nassau, 292 F.3d 307, 324 (2d Cir. 2002) (quoting Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970)). Section 1983 liability may also extend to a private actor who conspires with a state actor to violate a plaintiff's constitutional rights. Id. at 323–24. To state a plausible Section 1983 conspiracy claim, a plaintiff must allege: "(1) an agreement between a state actor and a private party; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages." Id. at 324–25 (citing Pangburn v. Culbertson, 200 F.3d 65, 72 (2d Cir.1999)).

Groder, Madden, and Berger are alleged to be plaintiff's current or former criminal defense attorneys in the underlying state court criminal matter. Groder is alleged to be appointed from the 18-B panel, while Madden and Berger are alleged to be employed by the Legal Aid Society. These defenders are private actors who do not act under color of state law. Furthermore, plaintiff fails to state any allegations that Groder, Madden, and Berger jointly acted or conspired with a

state actor to deprive him of some constitutional right. Accordingly, plaintiff's Section 1983 claims against Groder, Madden, and Berger fail as a matter of law, and are dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b).

**4. Section 1983 Claim Against County Attorney Foskey**

The claims against County Attorney Foskey are dismissed because they are not cognizable under Section 1983.

A plausible Section 1983 claim requires that a plaintiff allege the deprivation of some constitutional right. According to the complaint, County Attorney Foskey has not yet responded to plaintiff's February 18, 2017 request for "information as regards the Federal tax forms 1096 and 1099 OID." Plaintiff requests only that "[Foskey's] accountant prepare and file said tax information and send [plaintiff] any and all pertinent documents and proof that request was completed." (Id. ¶ IV.) As is readily apparent, plaintiff does not allege County Attorney Foskey has deprived him of any constitutional right. Accordingly, plaintiff's Section 1983 claim against County Attorney Foskey is dismissed pursuant to 28 U.S.C. §§1915(e)(2)(B)(ii), 1915A(b).

**D. The State Law Claims**

Having disposed of the federal claims alleged in the complaint, the Court declines to exercise supplemental jurisdiction over any remaining state law claims plaintiff may have. Plaintiff may pursue any such claims in state court.

**E. Leave to Amend**

A pro se plaintiff should ordinarily be given the opportunity "to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Shomo v. City of New York, 579 F.3d 176, 183 (2d Cir. 2009) (quoting Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 795–96 (2d Cir. 1999) (internal quotation marks omitted)). Indeed, a pro se plaintiff who brings a civil rights action, "should be 'fairly freely' afforded an opportunity to

amend his complaint." Boddie v. N.Y. State Div. of Parole, No. 08-CV-911, 2009 WL 1033786, at *5 (E.D.N.Y. Apr. 17, 2009) (quoting Frazier v. Coughlin, 850 F.2d 129, 130 (2d Cir. 1988)) (internal quotation marks omitted). Yet while "pro se plaintiffs are generally given leave to amend a deficient complaint, a district court may deny leave to amend when amendment would be futile." Id. (citations omitted).

Here, the court has carefully considered whether plaintiff should be granted leave to amend his complaint. Because the defects in plaintiff's claims are substantive, and could not be cured in an amended complaint, leave to amend the complaint is denied as futile.

## III. CONCLUSION

For the forgoing reasons, the plaintiff's application to proceed in forma pauperis is granted, but plaintiff's claims are sua sponte dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii)–(iii), 1915A(b). The Clerk of the Court is directed to mail a copy of this Order to the plaintiff at his last known address and to close this case.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

**SO ORDERED.**

Dated: June 8, 2017
Central Islip, New York

__/s/ JMA__
Joan M. Azrack
United States District Judge